IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

                Plaintiff,                          ORDER

  v.

                                                      24-cv-504-wmc

C.O. CHARLIE BERGREN,

                Defendant.

---

DAVID W. WATTS,

                Plaintiff,                          ORDER

  v.

                                                      24-cv-805-wmc

C.O. CHARLIE BERGREN, MS. LOWRY,
LINDSAY WALKER, DR. STANGE,
LARRY FUCHS, MICHAEL GLASS, and
RYAN BLOUNT,

                Defendants.

---

      Plaintiff David Watts is currently incarcerated at New Lisbon Correctional Institution. Watts has filed identical emergency motions in both of his current cases pending in this court, requesting federal protective custody, an evidentiary health exam, and court orders for the production of evidence. (24-cv-504-wmc: Dkt. #34; Dkt. #43; Dkt. #45; Dkt. #51; Dkt. #52); (24-cv-805-wmc: Dkt. #13; Dkt. #16; Dkt. #17; Dkt. #23; Dkt. #25; Dkt. #28; Dkt. #29.) Watts asserts that he has been harassed, intimidated, and assaulted by other inmates in retaliation for filing his lawsuits and to prevent him from attending an upcoming pretrial scheduling conference.

Given that Watts complains about events that happened after those alleged in his pending complaints, concern conditions of confinement at NLCI, and do not involve the defendants named in either of his current cases, the injunctive relief Watts seeks is inappropriate. *See Chicago Reg'l Council of Carpenters v. Vill. Of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011) (A plaintiff seeking a preliminary injunction "must still ground [his] right to relief on events described in the complaint, not on matters that arise later."). If Watts wants to raise claims about his treatment at NLCI, he should exhaust all administrative remedies within that prison, and if still dissatisfied, then raise those issues in a separate lawsuit.

Thus, Watts' emergency motions for federal protective custody, an evidentiary health exam, and court orders to produce evidence are DENIED. (24-cv-504: Dkt. #34; Dkt. #43; Dkt. #45; Dkt. #51; Dkt. #52); (24-cv-805-wmc: Dkt. #13; Dkt. #16; Dkt. #17; Dkt. #23; Dkt. #25; Dkt. #28; Dkt. #29.) Nonetheless, on or before November 7, 2025, counsel for defendants is DIRECTED to provide a brief status update on Watts' status, relative safety, and NCLI's efforts to ensure his safety in light of his assertions that he was assaulted to prevent him from attending his upcoming hearing, received threats against his life, and is in ongoing danger.

Entered this 24th day of October, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge