IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

                Plaintiff,                    ORDER

    v.                                 24-cv-504-wmc

CHARLES BERGREN,

                Defendant.

---

Plaintiff David Watts, an inmate representing himself, filed last-minute motions for assistance in recruiting counsel, a temporary stay, and to compel discovery responses before proceeding with a long-scheduled *Pavey* hearing on the issue of exhaustion.[1]  On March 30, 2026, the court addressed and denied plaintiff's motions for reasons more fully addressed on the record but briefly addressed below, then proceeded to hold the *Pavey* hearing.  Even so, during the hearing itself, plaintiff also requested additional time to submit evidence once he can:  (1) review a journal that he claimed to have kept during the relevant time period but had not yet been returned to him after his move to Columbia Correctional Institution from New Lisbon Correctional Institution, and (2) confirm if any log exists of Captain Pitzen's purported visit to him on June 7, 2024, and if not, why not.  The court agreed to keep the *Pavey* record open to give the parties more time as to both.  Finally, defendant requested an extension of the discovery and dispositive motion deadlines for the same reason, which the court granted.

---

[1] *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

1

## I.    Motion for Assistance Recruiting Counsel

Plaintiff moved for assistance recruiting counsel, describing his difficulty hearing and ongoing mental health issues.  Plaintiff provided some evidence of the former, although in the form of a September 2025 hearing exam note that confirmed his "moderately severe to profound sensorineural hearing loss," but "excellent word recognition."  As for his ongoing mental health issues, while defendant provided a note stating his "referral" to the Wisconsin Resource Center was a "high priority," he appeared well oriented to the time, place and manner of the hearing and fully able to represent himself.  Regardless, the court was able to confirm that plaintiff could adequately hear, understand, and respond to questions and make arguments intelligibly before proceeding with the hearing, a finding wholly confirmed during the *Pavey* hearing itself.  Because plaintiff demonstrated that he could represent himself, and *pro bono* counsel is unfortunately a scarce resource in this district, plaintiff's motion for assistance recruiting counsel was DENIED without prejudice.

## II.    Motion to Compel

Plaintiff moved to compel discovery responses, representing that the responses would have been necessary to his presentation of evidence at the *Pavey* hearing.  Because the requested discovery did not bear on the question of the availability of administrative remedies at issue for the March 30 hearing, that motion was also DENIED.

## III.    Motion for Temporary Stay

Plaintiff also moved for a stay of this case, describing that he was in observation at New Lisbon, where he did not have access to his legal materials.  He was then transferred

to Columbia, where he states that he still does not have access to some of his belongings. Nonetheless, because plaintiff had several weeks at Columbia to prepare for the hearing, and the central issue was whether plaintiff's previous submissions and testimony were credible, this motion was DENIED as well, except to keep the record open for 45 days: (1) to permit plaintiff access to his journal and to the visitor log for Columbia Unit 6 on June 7, 2024; and (2) to submit any additional, relevant materials regarding defendant's claimed destruction of three, early June 2024 inmate complaints.

## IV.    Remaining Matters

During the hearing, plaintiff repeatedly referenced his journal that remains at New Lisbon, and he states that the journal would have shown the exact dates in which Officer Bergren brought plaintiff's inmate complaints to his cell and destroyed them. Because plaintiff has not been able to access this journal since transferring to Columbia, the court will allow discovery for the limited purpose of supplementing the factual record for the *Pavey* hearing. Both plaintiff and defendant must submit any additional evidence for the record on or before May 14, 2026. Defendant's counsel is also DIRECTED to assist plaintiff with obtaining his journal from his previous institution and determining the availability of records showing Capt. Pitzen visited plaintiff at Columbia Unit 6 on June 7, 2024.

Finally, the court will strike the discovery and dispositive motion deadline and reschedule both, if necessary, in its order on the motion for summary judgment for failure to exhaust administrative remedies. All other case deadlines remain in place.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions to stay this case, for assistance recruiting counsel, and to compel production of evidence are DENIED.  (Dkt. #69.)

2) Limited discovery for the purposes described above will be available until May 14, 2026.

3) The discovery and dispositive motion deadlines are STRUCK pending a final decision on exhaustion following the close of the record of the *Pavey* hearing, while all other case deadlines remain.

Entered this 31st day of March, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

4