IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

Plaintiff,

OPINION AND ORDER

v.

24-cv-504-wmc

CHARLES BERGREN,

Defendant.

---

Representing himself, plaintiff David Watts claims that defendant Charles Bergren, an officer at Columbia Correctional Institution, violated his Eighth Amendment rights by enabling another inmate to sexually harass and threaten him. As an incarcerated litigant, plaintiff must comply with the Prison Litigation Reform Act (PLRA), which requires that he exhaust his administrative remedies before filing a federal lawsuit. 42 U.S.C. § 1997e(a). Defendant has moved for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies as to his claim here. (Dkt. #36.) Finding genuinely disputed issues of material facts as to whether unexhausted administrative remedies were available to plaintiff, the court held a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). (Dkt. #66.) After considering the testimony presented at the hearing and the evidence in the record, the court concludes that administrative remedies *were* available to Watts, and he failed to exhaust them as to this claim. Therefore, the court grants defendant's motion for summary judgment and dismisses this case.

## BACKGROUND

Plaintiff David W. Watts is currently incarcerated at New Lisbon Correctional Institution, but he was previously incarcerated at Columbia. While there, Watts alleges that Correctional Officer Charles Bergren enabled and encouraged another inmate, Clinton Linzy, to harass and threaten him sexually while passing Watts' cell on May 28, 2024. This alleged incident is the basis of Watts' lawsuit.

On June 2, June 5, and June 8, 2024, Watts testified at the *Pavey* hearing that he attempted to file three, different inmate complaints against Officer Bergren arising out of this May 28 incident. Each time, Watts swears he placed his complaints in the designated drop box for inmate complaints, which is located in his housing unit's dayroom. According to Watts, Officer Bergren then confiscated the complaints from the box, brought them back to his cell, tore them up in Watts' presence, and threatened his life if he continued to file complaints against him. In stark contrast, Officer Bergren denied under oath ever having obtained Watts' inmate complaints, threatening Watts to dissuade him from filing a complaint, or otherwise obstructing him from filing an inmate complaint.

## OPINION

### I. Exhaustion

The Prison Litigation Reform Act establishes that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted" as to the prisoner's claim. 42 U.S.C. § 1997e(a). Wisconsin law determines the administrative

remedies available to Wisconsin DOC inmates. *Jackson v. Esser*, 105 F.4th 948, 956 (7th Cir. 2024). Under Wisconsin law, an inmate must submit a complaint about the underlying conduct to the Inmate Complaint Review System (ICRS) to exhaust his administrative remedies. Wis. Admin. Code § DOC 310.05; *Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023).

An inmate may be excused of from exhausting his administrative remedies where such remedies are not "available," including when prison employees "use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Ross v. Blake*, 578 U.S. 632, 644 (2016); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006) (remedies unavailable where prisoner presents evidence that prison personnel have denied forms, threatened him, and asked other inmates to attack him to prevent filing grievances); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (remedies unavailable where prison personnel prevented prisoner from accessing grievance forms); *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (collecting cases).

Because failure to exhaust is an affirmative defense, "the defendant[] bear[s] the burden of proof and cannot shift it to require [plaintiff] to show that administrative remedies were unavailable." *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022). "Courts analyze a prisoner's exhaustion under the preponderance of the evidence standard." *Williams v. Baldwin*, 239 F. Supp. 3d 1084, 1089 (N.D. Ill. 2017) (quotation omitted). If a genuine factual dispute exists on the availability of remedies, particularly if that dispute turns on the credibility of sworn statements, the court must hold a *Pavey* hearing, at which "the court may take evidence and determine credibility before rendering the factual

findings that settle the swearing contest." *Jackson*, 105 F.4th at 957 (citing *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018)); *see Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). This court held a *Pavey* hearing on March 30, 2026, in order to settle the factual dispute between Watts' and Bergren's sworn testimony.

Here, Watts' testimony that Officer Bergren accessed the inmate complaint boxes, retrieved the complaints, and tore them up is not credible in light of the additional evidence defendant provided at the hearing and on the record. In addition to defendant Officer Bergren's testimony, non-party, Inmate Complaint Examiner ("ICE") Travis Plath, testified that the inmate complaint drop box at issue is locked, and that only Plath and the other ICE at Columbia have keys that can open it. Plath testified that the keys themselves are secured by a passcode, which is unique to each ICE, and that he has never shared his code. Both Officer Bergren and ICE Plath also testified that correctional officers are never permitted to open the complaint drop box or handle the complaints, and Bergren testified that he has never accessed one.

Additionally, Plath and Bergren testified that the complaint drop box is placed in view of cameras, and that inmates and staff are often present in the dayroom where the drop box is located. If an inmate claims that staff are tampering with his complaints, he may also request that the ICE office preserve and review the footage showing the drop box. Plath testified that the ICE office at Columbia received *no* request for footage preservation from Watts for any of the dates that he alleges Bergren took his complaints out of the box.

Plath also testified that he or the other ICE would collect newly submitted complaints from the drop box every weekday morning. The two ICEs would then process

and date stamp complaints in their office, which is also locked *and* inaccessible to correctional officers like defendant Bergren. From there, all inmate complaints are kept confidential as they are investigated, and a correctional officer would not learn that he is named in a complaint unless the investigating ICE contacted him or the complaining inmate himself told the staff member about the complaint. In this case, Bergren credibly testified that he did not know Watts purportedly filed any complaints about him regarding his harassment complaint until after this lawsuit was filed.

Even beyond the standard security procedure that would have prevented Bergren from accessing the drop box itself, Bergren's timesheet showed that he was not working at Columbia on June 3-5 or June 7-9, 2024. Thus, Watts' claim that he submitted his complaints on June 2, June 5, and June 8, only to have Bergren rip them up on those days, is contradicted by Bergen's timesheet, at least as to the June 5 and 8 complaints. Absent any reason to doubt Columbia's contemporaneous record of Bergren's attendance, this court credits them over Watts' memory.

Considering the entirety of the record, therefore, the court finds that defendant has met his burden of proving it more likely than not that under standard procedure at Columbia, Bergren would not have known Watts filed a complaint about him, could not have opened the complaint drop box to take out Watts' supposed multiple complaints, and could not have accessed the ICE office where complaints were processed, much less proceeded to tear up complaints repeatedly in front of Watts.

## II. Other Pending Motions

Watts made numerous other submissions to the court following the *Pavey* hearing. First, he moved to supplement the summary judgment record, (dkt. #76), attempting to submit his own affidavits that purportedly discredit a sanction issued to him in another case and discuss an incident between Bergren and another inmate that he argues is relevant to Bergren's character for truthfulness. This motion is denied, as the evidence he attempts to introduce does not make any fact of consequence in determining this action more or less probable than it would be without that evidence. Fed. R. Evid. 401. Watts' second motion to supplement the summary judgment record (dkt. #82) is also denied as irrelevant, since those affidavits discuss issues of interference with food service at New Lisbon Correctional and question the propriety of defense counsel's paralegal filing materials with this court, rather than bear on the substantive claims in this case.

Watts' separate motion for default judgment (dkt. #84) is also denied, since defendant is not in default for failing to have answered the complaint or complied with any of the court's other orders. Similarly, Watts' final pending motion for a hearing (dkt. #84) is denied because the issue raised pertains to another inmate, completely unrelated to his claims in this case.

For all of these reasons set forth above, defendant has proven by the preponderance of the evidence that plaintiff had administrative remedies available to him on his Eighth Amendment claim but failed to timely exhaust those remedies. The court will, therefore, grant defendant's motion for summary judgment and dismiss this case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment on exhaustion grounds (dkt. #36) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

2) Plaintiff's motion to supplement the summary judgment record (dkt. #76) is DENIED.

3) Plaintiff's second motion to supplement the summary judgment record (dkt. #82) is DENIED.

4) Plaintiff's motion for default judgment (dkt. #84) is DENIED.

5) Plaintiff's motion for hearing (dkt. #85) is DENIED.

6) The clerk of court is ordered to close this case.

Entered this 8th day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge